**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**
**CENTRAL DIVISION**

| | | |
|---|---|---|
| In re: ) | | Chapter 7 |
| ) | | Case No.    11-43408-MSH |
| EDWARD KOOYOMJIAN, SR. ) | | |
| ) | | |
| Debtor ) | | |
| ) | | |
| CATHERINE SHEMELIGIAN ) | | |
| ) | | |
| Plaintiff ) | | Adversary Proceeding |
| ) | | No. 13-4031 |
| v. ) | | |
| ) | | |
| EDWARD KOOYOMJIAN, SR., ) | | |
| ) | | |
| Defendant ) | | |

**MEMORANDUM OF DECISION AND ORDER ON PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS**

This matter is before me on the motion of Catherine Shemeligian, as guardian of her mother, Geraldine Shemeligian, for a default judgment or, alternatively, for judgment on the pleadings, that the debt owed to Ms. Shemeligian by the defendant/debtor, Edward Kooyomjian, Sr., be excepted from Mr. Kooyomjian's bankruptcy discharge pursuant to 11 U.S.C. (the "Bankruptcy Code") § 523(a)(2), (4) and (6). Mr. Kooyomjian opposes the motion. After hearing, I notified the parties that I would treat the motion as one for judgment on the pleadings pursuant to Fed. R. Bankr. P. 7012, incorporating Fed. R. Civ. P. 12(c), and invited them to submit additional briefs addressing the motion. The deadline for submissions having passed, Ms. Shemeligian's motion will now be decided.

1

"The standard in deciding a motion for judgment on the pleadings under Rule 12(c) is similar to that applied to a motion to dismiss under Rule 12(b)(6). *Gray v. Evercore Restructuring L.L.C.,* 544 F.3d 320, 324 (1st Cir. 2008) (noting that the standard is the same for Rule 12(b)(6) and 12(c) motions)." *Thomas v. CitiMortgage, Inc. (In re Thomas),* 447 B.R. 402, 408 (Bankr. D. Mass. 2011). "In deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6), made applicable here by Fed. R. Bankr.P. 7012, a court must review the complaint and the documents attached to it to determine if the complaint contains sufficient facts, accepted as true, to state a claim to relief that is plausible on its face. *Bell Atlantic v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 1966, 167 L.Ed.2d 929 (2007); *Rederford v. U.S. Airways, Inc.,* 589 F.3d 30, 35 (1st Cir.2009). A court must accept as true the factual allegations of the complaint but not the legal conclusions, even if couched as facts. *Ashcroft v. Iqbal,* ––– U.S. ––––, 129 S.Ct. 1937, 1947, 173 L.Ed.2d 868 (2009). Recitations of the elements of a cause of action supported only by legal conclusions are insufficient to withstand a motion to dismiss. *Id.*" *Thomas,* 447 B.R. at 406.

"[C]ollateral estoppel principles do indeed apply in discharge exception proceedings pursuant to § 523(a)." *Grogan v, Garner,* 498 U.S. 279, 284, n.11 (1991). "When determining the preclusive effect of a state court judgment, 'a federal court must give to a state court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered.'" *In re Lambert*, 459 B.R. 519, 522 (Bankr. D. Mass. 2011) (internal citation and quotation marks omitted). Under Massachusetts law collateral estoppel applies if (1) the same issue was involved in the prior litigation, (2) that issue was actually litigated, (3) the issue was determined by a valid and binding final judgment, (4) the determination of the issue was essential to the judgment, and (5) the party against whom preclusion is sought was a party in

the prior action. *Alba v. Raytheon Co.*, 441 Mass. 836, 842, 809 N.E.2d 516, 521 (2004). Just because a party appears without the benefit of counsel in a proceeding does not prevent the application of collateral estoppel principles to a final judgment entered therein. *SEC v. Kane (In re Kane)*, 212 B.R. 697, 701 (Bankr. D. Mass. 1997).

Prior to Mr. Kooyomjian's filing his bankruptcy petition in this court, the same parties litigated the facts underlying Ms. Shemeligian's claim in state court. A two-day bench trial during which Mr. Kooyomjian represented himself culminated in a judgment for Ms. Shemeligian in the amount of $381,200 supported by findings of fact and conclusions of law determining, among other things, that Mr. Kooyomjian had breached his fiduciary duty to Ms. Shemeligian's mother when he fraudulently induced her to give him money for the development of a shopping center in Leicester, Massachusetts and then used the money to pay gambling and other personal expenses as well as for his own personal investments. Mr. Kooyomjian's decision to litigate pro se notwithstanding, the state court's findings of breach of fiduciary duty and fraud have preclusive effect in this action.

Ms. Shemeligian's motion for judgment on the pleadings is GRANTED. Judgment shall enter in favor of plaintiff that the debt owed by Mr. Kooyomjian to Ms. Shemeligian by virtue of the final judgment of the state court is nondischargeable pursuant to Bankruptcy Code § 523(a)(4). At Worcester, Massachusetts this 30th day of September, 2013.

By the Court,

Melvin S. Hoffman
U.S. Bankruptcy Judge

3

|  |  |
|---|---|
| Counsel Appearing: | John G. Hofman, Esq.<br>Gilman, McLaughlin & Hanrahan LLP<br>Hyannis, MA<br>For the plaintiff, Catherine Shemeligian, Guardian of Geraldine Shemeligian<br><br>James P. Erhard, Esq.<br>Erhard & Associates PC<br>Worcester, MA<br>For the defendant, Edward Kooyomjian, Sr. |